John Knell et al., Appellees, v. Village of Rockdale, Appellant.

Gen. No. 9,767.

Heard in this court at the February term, 1942.

Opinion filed April 8, 1942. Rehearing denied May 5, 1942.

LUDWIG V. KUHAR, of Joliet, for appellant.

LEONARD C. MEAD, of Geneva, and RALPH MURPHY, of Joliet, for appellees; HOWARD B. BRYANT and TOLMAN & MEGAN, all of Chicago, and Barr & Barr, of Joliet, of counsel.

MR. PRESIDING JUSTICE HUFFMAN delivered the opinion of the court.

Appellees are the legal holders of special assessment bonds issued by appellant. Appellant never having paid any money on these bonds since the date of their issue in 1926, appellees instituted this suit for an accounting to determine what money had been collected for the payment thereof and diverted to other purposes, alleging that the appellant, although it had collected the money due thereon, had misapplied such funds, and had thereby become indebted and liable to appellees for the sums of money so collected, and so misappropriated and misapplied, or otherwise withheld. Appellees ask that an accounting be taken of the collections upon the several special assessment projects out of which the bonds in question arose, and that appellant be adjudged and decreed to pay to appellees what should appear from such an accounting to be due them upon their bonds.

The accounting was made by an auditor. It is full and in detail. The facts are not in dispute. The only witness in the case was the auditor who made the audit. The results thereof are not questioned. Four improvement projects were involved in this proceeding. To attempt to go into detail with respect to the same is impractical and unnecessary as the correctness of the audit is not challenged. The master's report and the decree are in conformity with the auditor's testimony and report.

The trial court determined the sums due the respective appellees and rendered a decree granting judg-

ment therefor against appellant village. The decree provided that said village, through its proper officers, should appropriate and levy such sums of money as might be necessary for the purpose of paying the respective amounts found to be due appellees upon their bonds; such appropriation and levy to begin with the next general tax levy and to continue from year to year until the judgments as granted appellees, together with interest thereon, had been paid. Appellant has prosecuted this appeal from the decree rendered.

Several cases of this character have arisen in the past few years where the city or village collected special assessment funds, kept no proper account thereof, and misused the money for other purposes, or at least failed to pay it to the persons entitled thereto. This is but one form of repudiation. When public officials wilfully ignore the rights of bondholders, collect and misapply the funds, it is little short of the application of power against right. Although it is impracticable, in view of the changes and reforms which are now taking place in the economic and social structure, to endeavor to anticipate ultimate results, yet the future growth and development of cities and villages is so inseparably linked with public improvement that they must go forward together. Confidence reposed in the soundness of the integrity of officials charged with the administration of special assessment money must not be replaced by doubt and suspicion. This would serve to destroy the market for such bonds, imperiling the welfare of growing municipalities.

Appellant objects to that portion of the decree which undertakes to direct the course of conduct of the village officers in regard to the future performance of their duty, respecting the appropriation and levy of taxes for the payment of the judgments. In this respect, it would appear that the decree is in error. *Rothschild v. Village of Calumet Park,* 350 Ill. 330,

343. The judgments as rendered are the same as any judgment against a city, and the failure or refusal of the city officials to perform their duty toward paying same cannot be judicially anticipated. Appellant further objects to the allowance of $500, as master's fees. The master certified in explanation of his fees as charged, that forty-eight hours were spent on this case in addition to his statutory charge for taking testimony, which he approximates at $90. Should the forty-eight hours spent in consideration of the case be placed upon a six hour basis, it would then resolve itself into eight days, and the master in charging $410 ($500, less $90, statutory charges) on a basis of eight days service, would be making a charge of more than $50, per day. Such a charge cannot stand in view of the expression of the Supreme Court in *Klekamp v. Klekamp,* 275 Ill. 98.

The decree of the circuit court in granting judgments to appellees and directing the payment thereof by appellant, is affirmed. So far as it purports to direct the future course of conduct of the village officers with respect to the appropriation and levy of taxes, the decree is reversed in accordance with *Rothschild v. Village of Calumet Park, supra.* With respect to the allowance of master's fees in the sum of $500, the decree is reversed and the cause remanded with directions to allow the said master the sum of $90, for his statutory charges in taking evidence, and $120, for his services in reporting conclusions of law and fact. In all other respects, except as above indicated, the decree is affirmed.

*Affirmed in part, reversed in part, and remanded with directions.*

Costs in this court ordered taxed, one-fourth to appellees, and three-fourths to appellant.